IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS G. DEVORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-00323 |
| | ) | |
| v. | ) | |
| | ) | |
| TONY MCCOMBIE, State Representative | ) | **JURY TRIAL DEMANDED** |
| and Illinois House Minority Leader, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Thomas G. DeVore, through counsel, complains against Defendant Tony McCombie, as the Illinois State Representative of the 89th District and Illinois Republican House Minority Leader, as follows:

**Nature of the Case**

1. In this First Amendment case, Plaintiff challenges the constitutionality of the manner in which Republican State Representative and Republican Minority House Leader McCombie regulates speech on a Facebook Page she utilizes to discuss government business and to interact with users about government business.

2. Defendant McCombie uses an official Facebook Page to discuss government business and to interact with users about government business. For approximately seven years, she has utilized this Facebook Page to discuss government business and has interacted with users about government business in relation to her roles as a Republican State Representative as well as Republican House Minority Leader.

3. Hundreds of Illinois citizens participate in the comments sections of this Facebook Page, expressing opinions, asking questions, and engaging in debate. Because of the way Leader McCombie uses her Facebook Page, the Page is a public forum under the First Amendment.

4. In an effort to suppress dissent in this forum, McCombie hides or deletes certain comments that criticize her or her policies, thereby making those comments invisible to the other constituents who are engaging in discussion on her Facebook Page and preventing certain citizens from engaging in debate with other members of the community. In at least one instance, Minority Leader McCombie has permanently banned Plaintiff from being able to engage in this forum at all after he has posted comments critical of the McCombie's political activities, thereby completely prohibiting Plaintiff from being able to petition the Republican House Minority Leader on this public forum. These actions amount to content-based regulation of speech that violates the First Amendment.

5. As the Supreme Court has recognized, social media platforms such as Facebook are "perhaps the most powerful mechanisms available to a private citizen to make his or her voice heard." *Packingham v. North Carolina*, 137 S. Ct. 1730, 1737 (2017). These platforms have transformed civic engagement by allowing elected officials to communicate directly with their constituents and receive immediate feedback. "Governors in all 50 States and almost every Member of Congress have set up [social media] accounts for this purpose," allowing citizens to "petition their elected representatives and otherwise engage with them in a direct manner." *Id*. at 1735.

Social media platforms such as Facebook enable ordinary citizens to speak directly to their government representatives and to listen to and debate others about issues of public interest, in much the same way they could if they were gathered on a sidewalk, public park, city council meeting or town hall assembly.

6. Plaintiff is an Illinois resident, and a member of the Republican Party, who is impacted by the political decisions as activities of Republican House Minority Leader Tony McCombie, and Plaintiff has been wholly impeded from participating in the political discussions that are taking place on Leader McCombie's Facebook Page, by both being banned from interacting with the Page and by having his comments hidden or deleted. Plaintiff seeks injunctive relief prohibiting Republican House Minority Leader McCombie from continuing to engage in content-based regulation of speech on an official Facebook Page and compensatory damages for the violations of his First Amendment rights.

## Jurisdiction and Venue

7. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 because this action arises under federal law. Specifically, this case arises under 42 U.S.C. § 1983 and alleges violations of the First Amendment of the United States Constitution.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiffs' claims occurred in this district as well as the Defendant resides in this district.

## The Parties

9. Plaintiff is an Illinois citizen and a member of the Republican Party. Plaintiff maintains a Facebook account through which he has sought to interact

with Republican House Minority Leader McCombie's Facebook Page. Plaintiff has been completely banned from commenting on Republican House Minority Leader McCombie's Facebook Page, sending a Facebook message to the Page, or responding to comments posted by others on the Page.

10. Defendant Tony McCombie is a state representative and also the duly elected Illinois Republican House Minority Leader. Leader McCombie administers and oversees her Facebook Page and has final say over whether individuals are blocked from interacting with the Page and whether comments are hidden or deleted. Leader McCombie is sued in her individual and official capacities.

## Factual Allegations

**Facebook Pages**

11. In addition to allowing users to create personal profiles to interact with others on the site, Facebook allows users to create "Pages," public-facing profiles used by brands, companies, government officials, and other public figures to interact with the public.

12. Facebook users can control the privacy of their personal profiles by making them visible only to select audiences, *e.g.*, users they've added as "friends" or smaller subgroups of friends defined by the user. In contrast, Pages are inherently public. Anyone on or off Facebook can view the posts and comments on Pages. Anyone with a Facebook account can interact with a Page (*e.g.*, comment on posts; ask questions; or send a message).

13. Public Facebook pages have several tabs that visitors to the Page can view. The Page administrator's posts appear on the "Home" tab. Posts to the Page

4

from members of the public appear on the "Community" tab. On both the Home and Community tabs, other users can post comments beneath any posts.

14. A Page administrator can control who can interact with his or her Facebook Page in two ways. One, the administrator can create a "banned" list. When an individual is "banned" by a Page, the banned individual cannot interact with the Page at all—he or she cannot make a post, comment on others' posts, or send the Page a direct message. Two, the administrator can control the visibility of comments and posts on the Page. The administrator has the option to "hide" or "delete" comments and posts. When a post or comment is "deleted" it is permanently removed from the Page. When a post or comment is "hidden" it will not be visible to other Facebook users who view the Page unless the user is connected as "friends" with the person who posted the hidden comment. People who are not already connected as "friends" with the user whose comment is hidden will not be able to see the post.

**Leader McCombie's Facebook Pages**

15. Defendant McCombie was first elected to the Illinois House of Representatives, and took office on January 11, 2017. Defendant McCombie created her first Facebook Page when she was running for the office of State Representative. This Page was created on May 19, 2015 and was titled as "Tony McCombie for State Representative 71st District". On November 17, 2016, after winning her election as state representative, McCombie changed the name of the Page to be simply "Tony McCombie", which appears to be the page name today. This Page appears at the URL www.facebook.com/McCombieforIllinois. The Page has over 17,000 followers. The Page presently includes a cover page which is

labelled "Tony McCombie State Representative". Leader McCombie has utilized this Facebook Page to discuss government business and to interact with users about government business since taking office in January 2017. (Hereinafter this Page will be referred to as the "Primary Public Forum").

16. McCombie was appointed to serve as the Illinois House Minority Leader on January 11, 2023. After being appointed as House Minority Leader, McCombie continued to utilize her Primary Public Forum, which has over 17,000 followers, to discuss government business and to interact with users about government business in regard to her efforts as the House Minority Leader.

17. From January 11, 2017 until September 15, 2024, the Primary Public Forum was the sole and exclusive Facebook page utilized by Leader McCombie to discuss government business and to interact with users about government business. Notwithstanding from the time of May 19, 2015 when the Page was created, up until January 10, 2023, the day before Leader McCombie initially took office, the Primary Public Forum was utilized as a political page, it has clearly evolved into a tool of governance to discuss government business and to interact with users about government business, and as such has become a public forum.

18. McCombie created an additional public forum of Facebook on September 16, 2024. This Page is labelled "Illinois House Minority Leader Tony McCombie." The Page appears at www.facebook.com/IllinoisHouseMinorityLeader This Page only has a few hundred followers compared to the Primary Public Forum which has over 17,000 followers. (Hereinafter, this page will be referred to as her "Secondary Public Forum")

19. Notwithstanding McCombie's Secondary Public Forum is labelled

6

"Illinois House Minority Leader Tony McCombie," this page did not exist for the first 1-½ years of her tenure as the House Minority Leader, and even after its creation it is otherwise unknown to the general public resulting in it having only a few hundred followers and minimal public engagement.

20. Subsequent to the creation of the Secondary Public Forum on September 16, 2024, no efforts were undertaken by Leader McCombie to communicate to the general public that Leader McCombie would be transferring discussions of government business solely to the Secondary Public Forum and beginning to interact with users about government business solely on the Secondary Public Forum, or that she would be discontinuing discussions of government business and ceasing to interact with users about government business on her Primary Public Forum.

21. As a matter of fact, Leader McCombie has continued discussions of government business and interacting with users about government business on her Primary Public Forum, as well as on occasion posting some, but not all, discussions of government business on the Secondary Public Forum. Even though the Secondary Public Forum has existed for a few months, the Primary Public Forum was, and still is, the substantively exclusive arena where citizens directly engage with Leader McCombie about government business.

22. For the very first time on January 10, 2025, only after citizens began questioning her blocking and censuring of citizens, including the Plaintiff, on her Primary Public Forum, did McCombie make a public Facebook post on her Primary Public Forum attempting to deflect the criticism of her constituents regarding her blocking of constituents. In these Facebook communication on or

7

about January 10, 2025, she for the first time makes inferences that the Primary Public Forum was not her official page and that it was only her Secondary Public Forum where she could not ban citizens, or otherwise restrict their speech.

**Plaintiff Thomas G. DeVore**

23. Plaintiff Thomas DeVore has been a resident of the Illinois his whole life.

24. DeVore is active in political matters in Illinois, including being the Republican candidate for Illinois Attorney General in 2022.

25. Since that time, he has been active in expressing his viewpoints regarding political matters in the State of Illinois in accordance with his First Amendment rights.

26. During McCombie's tenure as the House Minority Leader, Devore has been critical of Leader McCombie's actions in her representation of the Illinois Republican caucus.

27. More recently, DeVore expressed critical viewpoints of Leader McCombie's political actions on her Primary Public Forum in response to Facebook post(s) she had made about government business. As a result of DeVore's expression of these critical viewpoints, Leader McCombie has banned him completely from her Primary Public Forum and has otherwise deleted his comments. As such, his comments are no longer viewable by the general public, including the over 17,000 followers of Leader McCombie's Primary Public Forum.

## COUNT I
## 42 U.S.C. § 1983
## Violation of the First Amendment

28. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation above.

29. Leader McCombie's Facebook Page, identified herein as the Primary Public Forum is a public forum within the meaning of the First Amendment.

30. Because the Facebook Page is a public forum, Defendant McCombie's content-based regulation of speech within that forum violates the First Amendment.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) issue a preliminary and then permanent injunction prohibiting Defendant McCombie from engaging in content-based regulation of speech on her Facebook Page, identified herein as the Primary Public Forum, as to Plaintiff;

(b) issue a declaratory judgment that Leader McCombie's content-based regulation of speech on her Facebook Page identified herein as the Primary Public Forum violates the First Amendment;

(c) enter judgment in favor of the named Plaintiff and against Defendant McCombie for compensatory and/or nominal damages in an amount to be determined at trial;

(d) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(e) grant Plaintiffs any other relief the Court deems appropriate.

**Plaintiffs demand trial by jury.**

Dated: January 13, 2025 　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　　THOMAS G. DEVORE


　　　　　　　　　　　　　　　　　　　　By: /s/ Scott R. Kaspar
　　　　　　　　　　　　　　　　　　　　　　　*An Attorney for Plaintiff*


SCOTT R. KASPAR (#6284921)
KASPAR LAW COMPANY
Firm No. 17190
One South Dearborn, 20th Fl.
Chicago, IL 60603
P.O. Box 2783
Orland Park, IL 60462-1095
(855) 527-7271
scott@kasparlaw.co