**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THOMAS G. DEVORE,

Plaintiff,

v.

TONY MCCOMBIE,

Defendant.

Case No. 1:25-cv-00323

Judge Mary M. Rowland

**MEMORANDUM OPINION AND ORDER**

Plaintiff sued Defendant Tony McCombie, alleging that Defendant violated his First amendment rights by blocking him and deleting his comments from Defendant's Facebook page. Before the court is Defendant's Motion to Dismiss [24] Plaintiff's First Amended Complaint [22] (the "FAC"). For the reasons stated herein, Defendant's Motion to Dismiss is granted, and Plaintiff's complaint is dismissed with prejudice.

## I.   Factual Background

The following factual allegations taken from the operative complaint (Dkt. 22) are accepted as true for purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Plaintiff is an Illinois resident and Defendant is an Illinois state representative. [22] ¶¶ 6, 10. On May 19, 2015, Defendant created a Facebook page called "Tony McCombie for State Representative 71st District" ("the 2015 Facebook Page")[1]. [22] ¶ 15. She changed the name of the 2015 Facebook Page to "Tony McCombie" on

---

[1] This Facebook page is available at www.facebook.com/McCombieforIllinois.

1

November 17, 2016 after she was elected to the Illinois House of Representatives. *Id.* Defendant took office in the Illinois House of Representatives on January 11, 2017. *Id.* Defendant has used the 2015 Facebook Page to discuss government business and to interact with users about government business since taking office in January 2017. *Id.*

Defendant was appointed as Illinois House Minority Leader on January 11, 2023. [22] ¶16. Defendant created a new Facebook page ("the 2024 Facebook Page") named "Illinois House Minority Leader Tony McCombie" on September 16, 2024, a year and a half after her appointment.[2] [22] ¶ 18. However, the 2015 Facebook Page continues to be the "substantively exclusive arena where citizens directly engage with Leader McCombie." [22] ¶21. The 2015 Facebook Page has over 20,000 followers. [22] ¶ 16. The 2024 Facebook Page has a few hundred followers. [22] ¶ 19.

Defendant administers the 2015 Facebook Page, which gives her control over who is banned from the Page and what comments are hidden or deleted on its posts. [22] ¶ 10. Defendant banned Plaintiff from the 2015 Facebook Page and has also deleted some of his comments on her posts. [22] ¶ 53.

## II. Procedural Background

On January 13, 2025, Plaintiff brought this action against Defendant in her individual and official capacities, alleging that Defendant violated his First Amendment rights by blocking him and deleting his Facebook comments. [1]. This Court granted Defendant's motion to dismiss on September 22, 2025 and gave

---

[2] This Facebook page is at available www.facebook.com/IllinoisHouseMinorityLeader.

Plaintiff leave to amend his complaint. *DeVore v. McCombie*, No. 1:25-CV-00323, 2025 WL 2696304, at *5 (N.D. Ill. Sept. 22, 2025). Plaintiff's official capacity claim failed because Plaintiff failed to allege that his rights were violated as a result of any state policy or custom. *Id.* at *3. And the Court dismissed Plaintiff's individual capacity claim because it failed to allege that Defendant was acting under color of state law pursuant to the Supreme Court's decision in *Lindke v. Freed*, 601 U.S. 187, 198 (2024).

Plaintiff filed the FAC on October 6, 2025. [22]. As with Plaintiff's first complaint, the FAC alleges that the 2015 Facebook Page is a public forum and that Defendant violated his First Amendment rights by blocking him and deleting his comments. [22] ¶¶ 3, 53. On November 3, 2025, Defendant moved to dismiss Plaintiff's FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. [25] at 1. Defendant also moved to strike immaterial matter from the pleading pursuant to Federal Rule of Civil Procedure 12(f). [25] at 1.

### III.    Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing

that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

A Rule 12(b)(1) motion to dismiss requires a court to dismiss any action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss under Rule 12(b)(1), where the motion challenges the sufficiency of the allegations of subject matter jurisdiction, the court must accept as true all well-pled allegations of the complaint, drawing all reasonable inferences in the plaintiff's favor. *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008).

4

A Rule 12(f) motion to strike gives the court discretion to strike immaterial matter from the pleading. Fed. R. Civ. P. 12(f). *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009).

### IV. Analysis

#### A. Plaintiff has standing to bring this suit.

Initially, Defendant moves to dismiss for lack of standing under Rule 12(b)(1), arguing that Plaintiff failed to plead a concrete injury or a causal connection between Defendant's conduct and Plaintiff's injury. To establish standing, a plaintiff must allege that he has suffered an injury in fact, that there is a causal connection between plaintiff's injury and defendant's conduct, and that there is a likelihood that the injury will be redressed by a favorable decision. *Parents Protecting Our Children, UA v. Eau Claire Area Sch. Dist.*, 95 F.4th 501, 505 (7th Cir. 2024) (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–61 (1992)), *cert. denied,* 145 S. Ct. 14 (2024). Defendant argues that Plaintiff fails to allege he (1) suffered an actual injury that was (2) caused by Defendant's conduct. Both arguments can be quickly dispatched with.

The Seventh Circuit has recognized that a plaintiff in almost identical circumstances suffered a cognizable injury. *See Krasno v. Mnookin*, 148 F.4th 465, 477 (7th Cir. 2025) (plaintiff suffered cognizable injury where university officials deleted comments from social media pages). Defendant argues that to establish standing, Plaintiff must identify (1) the dates on which he commented on the 2015 Facebook Page, (2) the dates on which his comments were deleted, (3) the date on which he was blocked, and (4) the specific content of his deleted comments. [25] at 5.

But standing does not require such specificity; rather, it requires only that Plaintiff demonstrate "a colorable claim" that his rights were allegedly infringed. *Krasno*, 148 F.4th at 477. Plaintiff has met his burden. *See id*.

Defendant's causation argument also falls short. Plaintiff alleges that, as administrator of the 2015 Facebook Page, Defendant banned Plaintiff and deleted his comments. [22] ¶¶ 4, 53. In other words, Plaintiff alleges that Defendant caused Plaintiff's injury. Taking the facts in the complaint as true, Plaintiff has standing to bring this suit. Accordingly, Defendant's motion to dismiss under Rule 12(b)(1) is denied.

### B. The FAC Again Fails to State a Claim Under Section 1983

*1. Plaintiff' official capacity claim again fails to allege a policy or custom of the state that caused the First Amendment violation*

Plaintiff complains against Defendant in her official capacity as the Illinois State Representative and Illinois Republican House Minority Leader. [22] at 10. To state a claim against a defendant in her official capacity, Plaintiff must allege that the state's "'policy or custom' . . . played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

The Court previously dismissed Plaintiff's official capacity claim for failure to allege a policy or custom. *DeVore*, 2025 WL 2696304, at *3. The FAC does not fix this deficiency. Nor does Plaintiff's opposition brief address this requirement, Plaintiff's claim against Defendant in her official capacity is dismissed.

*2. Plaintiff's individual capacity claim fails to reckon with* Lindke

6

To establish a cause of action against Defendant in her individual capacity, Plaintiff must allege that Defendant acted under color of law. 42 U.S.C. § 1983 ("[e]very person who, under color of any statute, ordinance, regulation, custom, or usage [. . .] subjects, or causes to be subjected, any [. . .] person [. . .] to the deprivation of any rights."). In *Lindke v. Freed*, the Supreme Court explained how to allege state action in cases involving First Amendment violations on a social media platforms: "A public official's social-media activity constitutes state action under Section 1983 only if the official (1) possessed actual authority to speak on the State's behalf, and (2) purported to exercise that authority when he spoke on social media." 601 U.S. 187, 198 (2024).

As to the first prong, actual authority must be "rooted in written law or longstanding custom to speak for the State." *Lindke*, 601 U.S. at 201. Courts applying *Lindke* generally require an explicit and narrow creation of authority, rather than one that is deduced or extrapolated from general duties of legislators. *Freeman v. Epps*, No. 24-CV-01215-MDB, 2025 WL 2948598, at *7 (D. Colo. Sept. 19, 2025) (granting motion to dismiss because although "legislators may represent their constituents, debate matters of public concern, and vote on proposed legislation, [. . .] they do not possess 'actual authority' to speak on behalf of the state"); *Fox v. Faison*, 798 F. Supp. 3d 809, 822 (M.D. Tenn. 2025) (holding that a state representative did not have actual authority to speak on behalf of the state when neither the state constitution nor the legislators' oath created that authority); *Dixon v. Clyburn*, 2024 WL 5379014, at *5 (D.S.C. Oct. 10, 2024), *report and recommendation adopted*, 2025

7

WL 354416 (D.S.C. Jan. 31, 2025) (dismissing complaint because it "lack[ed] sufficient factual allegations to show that [the congressman] exercised actual authority to speak on behalf of the Legislature when he spoke via his Twitter accounts.").

The FAC attaches as exhibits multiple examples of Defendant's Facebook posts. *See* [22] ¶¶ 25-44. These posts reflect that Defendant regularly used Facebook to provide updates on legislative matters and to communicate with constituents. But the posts say nothing about whether Defendant has actual authority to speak on the state's behalf, and they thus say nothing about whether Plaintiff can satisfy *Linke*'s first prong. The Court dismissed Plaintiff's prior complaint for failing to reckon with *Lindke*. Plaintiff again fails to identify any written law or longstanding custom that gives Defendant actual authority to speak on behalf of the state. Plaintiff thus fails to satisfy the first element of the *Lindke* test, and his claim against Defendant in her individual capacity must also be dismissed.[3]

### D. The First Amended Complaint is dismissed with prejudice

Defendant argues that the FAC should be dismissed with prejudice. The Court agrees. In their discretion, courts may dismiss complaint with prejudice where a plaintiff "fail[s] to cure deficiencies by amendments previously allowed," or where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the FAC is dismissed for the same reasons that Plaintiff's first complaint was dismissed.

---

[3] Because the Court dismisses Plaintiff's only count for failure to state a claim, the Court declines to address Defendants' arguments that Plaintiff's allegations should be stricken as time-barred and that Defendant is protected by qualified immunity.

Plaintiff failed to adequately address any of the deficiencies previously identified, so the FAC is dismissed with prejudice.

### D. Defendant's citations

Despite having granted Defendant's motion to dismiss, the Court notes with some concern that Defendant appears to have cited a non-existent case in support of her argument. While arguing that Plaintiff's claim was time barred, Defendant cited to *Beecham v. City of Anniston*, 42 F.4th 1130, 1135 (11th Cir. 2022) for the proposition that "discrete acts of speech deletion must occur within limitations period." [25] at 11. The Court is unable to find a case with that name or that combination of volume number, reporter, and page number. Defendant also cited to *Alvarez v. City of Chicago*, 605 F.3d 445, 452–53 (7th Cir. 2010) for the well-established proposition that Courts have discretion to deny leave to amend where a plaintiff fails to cure deficiencies in their complaint. [25] at 13. *Alvarez* is a real case, but (1) the case ends at page 451, so it appears Defendant cites to non-existent pages, and (2) *Alvarez* says nothing about the circumstances under which a court may dismiss a complaint with prejudice. It may be that Defendant inadvertently included typos that prevent the Court from locating the correct versions of either case. In any event, by May 12, 2026, Defense counsel shall file a declaration with the Court explaining how the memorandum in support of Defendant's motion to dismiss was generated and how counsel came to locate *Beecham* and *Alvarez*.

### V. Conclusion

9

For the stated reasons, Defendant's Motion to Dismiss [24] is granted. The complaint is dismissed for failure to state a claim. The FAC is dismissed with prejudice. By May 22, 2026, Defense counsel shall file a declaration with the Court explaining how the memorandum in support of Defendant's motion to dismiss was generated and how counsel came to locate *Beecham* and *Alvarez*. Judgment to enter. Civil case terminated.

E N T E R:

Dated: May 11, 2026

Mary M Rowland

10